In re Christopher Lawrence
KABLER, Debtor.

Bankruptcy No. 99–00049–5–ATS.

United States Bankruptcy Court,
E.D. North Carolina,
Raleigh Division.

Feb. 18, 1999.

Michael Ryan Dyson, Layton, Dyson & Carraway, P.A., Raleigh, NC, for Debtor.

Pamela P. Keenan, Kirschbaum, Nanney, Brown & Keenan, P.A., Raleigh, NC, for Ford Motor Credit Co.

## ORDER DENYING MOTION FOR TURNOVER AND ORDER GRANTING RELIEF FROM AUTOMATIC STAY

A. THOMAS SMALL, Chief Judge.

The two matters before the court are (1) the motion for turnover filed by the chapter 13 debtor, Christopher Lawrence Kabler, and (2) the motion for relief from the automatic stay filed by Ford Motor Credit Company. A hearing was held in Raleigh, North Carolina on February 16, 1999.

The debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on January 7, 1999. Prior to the bankruptcy petition, Ford Motor Credit Company repossessed the debtor's 1996 Ford Ranger truck. Mr. Kabler wants Ford Motor Credit Company to return the truck and proposes to pay Ford Motor Credit Company's secured claim through the chapter 13 plan. Ford Motor Credit Company contends that it is not adequately protected and that it should be granted relief from the automatic stay.

Mr. Kabler and his mother, Patricia Beistel, purchased a 1996 Ford Ranger truck on March 14, 1996. Ford Motor Credit Company provided the purchase money financing, and the debtor and his mother were obligated to make 48 monthly payments of $459.20 beginning on April 28, 1996. Ms. Beistel filed the first of her two bankruptcy petitions in the Middle District of North Carolina on February 28, 1997 (Middle District of North Carolina Case No. 97–50415), and the case was dismissed in November 1997 for failure to make her chapter 13 plan payments. Shortly after the first case was dismissed,

Ford Motor Credit Company repossessed the truck for failure to make payments, and Ms. Beistel filed her second chapter 13 petition on December 3, 1997, (Middle District of North Carolina Case No. 97–52345). Ford Motor Credit Company returned the vehicle shortly after the second petition was filed and was allowed a secured claim of $13,115 and an unsecured claim of $1,185.27 in Ms. Beistel's second chapter 13 case.

Ms. Beistel's second chapter 13 case was dismissed in November 1998 with prejudice to the refiling of another bankruptcy case for 180 days, and on December 29, 1998, Ford Motor Credit Company again repossessed the truck due to the failure to make payments. Mr. Kabler filed this chapter 13 case on January 7, 1999.

The debtor contends that he needs the truck for transportation to his employment and wants the truck to be immediately returned by Ford Motor Credit Company. According to the debtor's plan, Ford Motor Credit Company is to be treated as a secured creditor to the extent of the value of the truck ($9,375 NADA retail value) and as an unsecured creditor for the balance. The amount of Ford Motor Credit Company's claim was $14,131.44 as of January 14, 1999, and the account is approximately 20 months in arrears.

Ford Motor Credit Company maintains that its claim is not adequately protected, that the motion for turnover should be denied, and that relief from the automatic stay should be granted. The court agrees.

Turnover is an equitable remedy, and the equities in this case weigh heavily in favor of Ford Motor Credit Company. It is true that this is Mr. Kabler's first chapter 13 case, but he has enjoyed the benefit of the co-debtor stay in his mother's two previous chapter 13 cases. During that time Ford Motor Credit Company's collateral position deteriorated substantially. At the time of the filing of the debtor's mother's first chapter 13 case, Ford Motor Credit Company was a fully secured creditor. Today Ford Motor Credit Company is undersecured by almost $5,000. While Ford Motor Credit Company's collateral was depreciating, Mr. Kabler, with the protection of the co-debtor stay in his

mother's two chapter 13 cases, had the use of the truck for 20 months without making a payment. In these circumstances it would be inequitable to require Ford Motor Credit Company to turnover the truck to the debtor. Accordingly, the debtor's motion for turnover is **DENIED**, and Ford Motor Credit Company's motion for relief from stay is **GRANTED**.

**SO ORDERED.**